UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrey Walters, Individually and on Behalf of All Other Persons Similarly Situated, | Civil Action No.: 2:19-CV-159 |
| Plaintiff, | |
| v. | |
| Benamati Water Service, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Jeffrey Walters ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, files this Collective and Class Action Complaint (the "Complaint") against Defendant Benamati Water Service, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 *et seq.*, the Ohio Minimum Fair Wage Standards Act, R.C. 4111.03 ("OMFWSA"), *et seq.*, Article II, Section 34a *et. seq* of the Ohio Constitution, and R.C. 4111.14 (collectively referred to as "Section 34a."), and the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. 333.101, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

**INTRODUCTION**

1.      This lawsuit seeks to recover unpaid wages and overtime compensation for Plaintiff and other similarly situated co-workers who work or have worked for Defendant Benamati Water Service, LLC.

2. Plaintiff alleges, on behalf of himself and other current and former employees as well as those similarly situated current and former employees holding comparable positions but different titles, including drivers of water trucks (collectively "Drivers") employed by Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, (i) unpaid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

3. Plaintiff also brings this action on behalf of himself and all similarly situated current and former Drivers who worked in Ohio pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA, the Ohio Prompt Pay Act, and Section 34a.

4. Plaintiff also brings this action on behalf of himself and all similarly situated current and former Drivers who worked in Pennsylvania pursuant to Fed. R. Civ. P. 23 to remedy violations of PMWA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331.

6. This Court has jurisdiction over Plaintiff's OMFWSA and Section 34a claims pursuant to 28 U.S.C. § 1332(d).

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. Upon information and belief, Benamati Water Service, LLC is headquartered, and regularly conducts business, in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

10. Plaintiff Jeffrey Walters is a former employee of Benamati Water Service, LLC.

11. At all relevant times, Plaintiff Jeffrey Walters was a citizen of Pennsylvania and a resident of Pennsylvania.

12. During all relevant times, Plaintiff was employed by Defendant, including from approximately April 2017 until in and around Feb 2018, and then again in April 2018 until late October 2018.

13. Defendant Benamati Water Service LLC is a Limited Liability Company with its principal place of business at 1564 East Roy Furman Highway, Carmichaels, Pennsylvania 15320.

14. At all times relevant herein, Benamati Water Service, LLC has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

15. Defendant employed Plaintiff and the Collective and Class Action Members as Water Truck Drivers.

16. Defendant operated in Pennsylvania, Ohio, and West Virginia during the relevant time period.

17. Defendant maintains control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff and the Collective Action Members.

18. Plaintiff and the Collective Action Members' work as Drivers was integrated into and performed in the normal course of Defendant's business.

19. Plaintiff and other Drivers were paid approximately paid $20 - $22 per hour.

20. Plaintiff and other Drivers would punch in at the start of the day on the time clock in the yard and punch out at the time clock when they returned to the yard after their shift.

21. After punching in at the yard, Plaintiff and other Drivers would then drive in a company vehicle, including Dodge Ram 1500 pickup trucks, to and from the staging area.

22. Plaintiff and other Drivers either drove the Dodge Ram 1500 pickup truck loaded it with supplies that needed to be secured in the bed or served as a drivers' helper including helping the driver stay awake.

23. Plaintiff and other Drivers drove to and from the staging area approximately four to six hours per day round trip, six days per week and were not paid for this time.

24. Rather, Plaintiff and other Drivers were only paid for the 12-hour shifts when they were on the staging area.

25. Thus, Plaintiff and other Drivers would often work 16+ hour days, and the Defendant only paid them for 12 hours.

26. The number of shifts that Plaintiff and each individual Collective Action Member worked per week can be ascertained from Defendant's records.

27. Consistent with Defendant's policy, pattern, and/or practice, Plaintiff and the Drivers regularly worked in excess of 40 hours per workweek without being paid wages for all hours worked and without being paid overtime wages, in violation of the FLSA, Ohio law, and Pennsylvania law.

28. During the entire time that Plaintiff was employed by Defendant, Plaintiff was not paid properly for his driving time as detailed herein.

29. Defendant cannot dispute that it owed Plaintiff and Collective Action Members overtime compensation for all hours worked over 40.

30. Plaintiff complained about his pay issues to many of his superiors, but they did not remedy their failure to pay him for all hours worked.

31. Some, or all, of the overtime compensation due to Plaintiff and the Collective Action Members remained unpaid for thirty days beyond the regularly scheduled payday.

32. Plaintiffs and all members of the Class and Collective Action performed the same primary job duties.

33. Defendant is aware of the totality of work that Plaintiff and the Collective Action Members performed.

34. This work did not require managerial responsibilities or the exercise of meaningful decision-making on matters of significance that impacted the business and no interaction with the management of the home office.

35. Throughout the Class and Collective Action periods, the primary job duties of Plaintiff and the Class and Collective Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, nor exercising meaningful independent judgment and discretion.

36. Defendant's failure to comply with the FLSA and Ohio and Pennsylvania state laws has caused Plaintiff and the Collective Members to suffer lost wages and interest therein.

37. Defendant is liable under the FLSA and both the Ohio and Pennsylvania wage-and-hour statutes for, inter alia, failing to properly pay overtime wage to Plaintiff and similar employees.

38.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members as defined above.

40. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

41. Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's above-described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated wages for all hour worked in a workweek or the legally mandated overtime premium for hours worked over 40 during a workweek.

42. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

43. Specifically, Defendant failed to pay Plaintiff and the Collective Action Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104, because it failed to pay Plaintiff and the Collective Action Members at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week.

44. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll record which Defendant was required to maintain pursuant to the FLSA, Ohio law, and Pennsylvania law, see 29 U.S.C. § 211(c); 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a; 43 P.S. 333.101, et seq.

45.     Conditional certification of this case as a collective matter pursuant to U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email, and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

46.     There are many similarly situated current and former Drivers who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

47.     Plaintiff consents in writing to the filing of this action and his signed consent form is attached as Exhibit A.

## **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

48.     Plaintiff, on behalf of himself and all Pennsylvania Class and Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

49.     Plaintiff and all Members of the Pennsylvania Class assert factually related claims, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

50.     Defendant violated the Pennsylvania wage and hour laws because it failed to pay Plaintiff and the Pennsylvania Class at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week, pursuant to 43 P.S. 333.101, et seq.

51.     Although the precise number of the Pennsylvania Class is unknown, Members are readily identifiable and can be located through Defendant's records.

52.     Questions of law and fact common to Plaintiff and the Pennsylvania Class that will materially advance the litigation include, without limitation:

a. Whether Defendant employed Plaintiff and the Pennsylvania Class Members within the meaning of the Pennsylvania wage and hour laws;

b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

c. Whether Defendant failed to pay Plaintiff and the Pennsylvania Class Members for all the hours they worked;

d. Whether Defendant failed to maintain records of the hours worked by Plaintiff and the Pennsylvania Class Members;

e. Whether Defendant failed to pay Plaintiff and the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the Pennsylvania wage and hour laws;

f. Whether Defendant is liable for all damages claimed by Plaintiff and the Pennsylvania Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursement, and attorneys' fees; and,

g. Whether Defendant should be enjoined from continuing to violate the Pennsylvania wage and hour laws in the future.

53. Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

54. Class certification of Plaintiff's Pennsylvania wage and hour law claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief

with respect to the Class as a whole. The Members of the Pennsylvania Class are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Pennsylvania Class the wage to which they are entitled.

55. Class certification of Plaintiff's Pennsylvania wage and hour law claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual Members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## OHIO CLASS ACTION ALLEGATIONS

57. Plaintiff, on behalf of himself and all the Ohio Class Action Members, realleges and incorporates by reference the preceding paragraphs.

58. Plaintiff and all members of the Ohio Class assert factually related claims, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

59. Defendant violated the Ohio wage and hour laws because it failed to pay Plaintiff and the Ohio Class at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week, pursuant to Ohio Rev. Code Ann. § 4111.03. 54. Defendant also violated the Ohio wage and hour laws because it failed to maintain records of hours worked for Plaintiff and the Ohio Class as required by Section 34a.

60. Although the precise number of the Ohio Class is unknown, Members are readily identifiable and can be located through Defendant's records.

61. Questions of law and fact common to Plaintiff and the Ohio Class that will materially advance the litigation include, without limitation:

    a. Whether Defendant employed Plaintiff and the Ohio Class members within the meaning of the Ohio wage and hour laws;

    b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

    c. Whether Defendant failed to pay Plaintiff and the Ohio Class Members for all the hours they worked;

    d. Whether Defendant failed to maintain records of the hours worked by Plaintiff and the Ohio Class Members;

    e. Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them timely;

    f. Whether Defendant failed to pay Plaintiff and the Ohio Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the Ohio wage and hour laws;

    g. Whether Defendant is liable for all damages claimed by Plaintiff and the Ohio Class, including, without limitation, compensatory, punitive, and statutory damages, interest, costs and disbursement, and attorneys' fees; and,

    h. Whether Defendant should be enjoined from continuing to violate the Ohio wage and hour laws in the future.

62. Plaintiff's claims are typical of the claims of the Members of the Ohio Class.

63. Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

64. Class certification of Plaintiff's Ohio wage and hour law claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The Members of the Ohio Class are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Ohio Class the wage to which they are entitled.

65. Class certification of Plaintiff's Ohio wage and hour law claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual Members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

66. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT
**(Brought on Behalf of Plaintiff and All Putative Collective Action Members)**

67. Plaintiff, on behalf of himself and all the Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

68. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

70. At all relevant times, Defendant had a policy and practice of willfully refusing to pay its Drivers and all Collective Action Members for all wages earned and the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

71. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members for all wages earned and for wages earned at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

72. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. Due to Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION:**
**(OHIO MINIMUM FAIR WAGE STANDARDS ACT:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Members of the OMFWSA Class)**

74. Plaintiff, on behalf of himself and all the Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

75. At all relevant times, Plaintiff and OMFWSA Class Members were employed by Defendant within the meaning of the OMFWSA, and Defendant was an employer within the meaning of OMFWSA.

76. The overtime wage provisions of the OMFWSA and its supporting regulations apply to Defendant.

77. Defendant willfully violated Plaintiff's rights and the rights of the Ohio Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the OMFWSA and its regulations.

78. As a result of Defendant's willful violations of the OMFWSA, Plaintiff and the OMFWSA Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the OMFWSA.

79. Defendant's OMFWSA violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**(OHIO PROMPT PAYMENT: FAILURE TO PROMPTLY PAY OVERTIME)**
**(Brought on Behalf of Plaintiff and All Members of the Prompt Payment Act Class)**

80. Plaintiff, on behalf of himself and all the Prompt Payment Act Class Members, re-alleges and incorporates by reference the preceding paragraphs.

81.     Plaintiff brings this claim for violation of Ohio Revised Code 4113.15, on behalf of himself and all members of the Ohio Prompt Pay Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

82.     At all times relevant, Defendant was Plaintiff's and the Ohio Prompt Pay Class' employer for purposes of overtime compensation owed.

83.     Defendant violated Ohio Revised Code 4113.15, by failing to pay overtime compensation to its Drivers including Plaintiff and the Ohio Prompt Pay Class within thirty days of their regularly scheduled payday.

84.     Ohio Rev. Code Ann. § 4113.15 provides that Defendant, having violated § 4113.15, "is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**FOURTH CAUSE OF ACTION:**
**(OHIO MINIMUM WAGE FAIR STANDARDS ACT:  FAILURE TO MAINTAIN RECORDS)**
**(Brought on Behalf of Plaintiff and All Members of the Section 34a Class)**

85.     Plaintiff, on behalf of himself and all the Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

86.     Defendant failed to maintain records of the Section 34a Class members' hours worked for each day worked.

87.     Defendants' Section 34a violations have caused irreparable harm for which there is no adequate remedy at law.

88.     Defendant's failure to maintain such records violates Section 34a and entitles Plaintiff and members of the Section 34a Class to the remedies provided by that Section, as well as R.C. 4111.14.

**FIFTH CAUSE OF ACTION**

**(PENNSYLVANIA MINIMUM WAGE ACT:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Members of the PMWA Class)**

89. Plaintiff, on behalf of himself and all PMWA Class Members, realleges and incorporates by reference the preceding paragraphs.

90. At all relevant times, Plaintiff and PMWA Class Members were employed by Defendant within the meaning of the PMWA, and Defendant was an employer within the meaning of PMWA.

91. The overtime wage provisions of the PMWA and its supporting regulations apply to Defendant.

92. Defendant willfully violated Plaintiff's rights and the rights of the PMWA Class by failing to pay them for all hours worked and for the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the PMWA and its regulations.

93. As a result of Defendant's willful violations of the PMWA, Plaintiff and the PMWA Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the PMWA.

94. Defendant's PMWA violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

**DEMAND FOR TRIAL BY JURY**

95. The Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Collective and Class Action Members are entitled to and pray for the following relief:

a. Designation of this action as a FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the Pennsylvania State Law Class as class actions pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Pennsylvania State Law Classes;

c. Certification of the Ohio State Law Classes as class actions pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Ohio State Law Classes;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, PMWA, OMFWSA, and Section 34a;

e. An injunction requiring Defendant to cease its unlawful practices under, and comply with, the PMWA, OMFWSA, and Section 34a;

f. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay;

g. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one

   and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216, the PMWA, and the OMFWSA;

h. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i. An award for each record-keeping violation;

j. An award of pre-judgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and,

l. Such other and further relief as this Court deems just and proper.

Dated: February 12, 2019    Respectfully submitted,

    */s/ D. Aaron Rihn*
    D. Aaron Rihn, Esquire
    PA I.D. No.: 85752
    Robert Peirce & Associates, P.C.
    707 Grant Street
    Suite 2500
    Pittsburgh, PA 15219-1918
    Telephone: 412-281-7229
    Email: arihn@peircelaw.com

    Migliaccio & Rathod LLP
    Nicholas A. Migliaccio, Esquire
    Jason S. Rathod, Esquire
    412 H Street N.E., Suite 302
    Washington, DC 20002
    Telephone: 202-470-3520
    Email: nmiglicaaio@classlawdc.com
    Email: jrathod@classlawdc.com

    *Counsel for the Plaintiff and the Collective and Class Action Members*